Morva v. Johnson                                                                                                                    Doc. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL AKOS MORVA,**<br>Petitioner, | )<br>)<br>) |
| | ) Civil Action No. 7:08-cv-000109 |
| v. | )<br>) MEMORANDUM OPINION<br>)<br>) By:  Hon. Jackson L. Kiser<br>)         Senior United States District Judge |
| **SHERIFF OCTAVIA JOHNSON,**<br>Respondent. | )<br>) |

Petitioner Michael Akos Morva, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Petitioner challenges the validity of his confinement under the February 23, 2007 judgment of the Montgomery County Circuit Court, convicting him of Conspiracy to Commit Statutory Burglary, in violation of Va. Code § 18.2-22, Attempted Statutory Burglary, in violation of Va. Code § 18.2-26, and Attempted Grand Larceny, in violation of Va. Code § 18.2-95. Upon consideration of the petition, I am of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing §2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules

Dockets.Justia.com

against him/her. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A)(1) and §17.1-411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his/her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition clearly shows that petitioner has not presented the claims to the Supreme Court of Virginia as required. Petitioner admits that he did not directly appeal the judgment of conviction or file a petition for habeas corpus in any state court. Petitioner's failure to exhaust the state remedies mandates summary dismissal of the petition without prejudice by this court.[1] An appropriate final Order will be entered this day.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and final Order to petitioner.

ENTER: This 20th day of February, 2008.

Senior United States District Judge

---

[1] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code § 8.01-654(A)(2).